13-769-cr
United States v. Trudeau

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## CORRECTED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand fourteen.

PRESENT: JOHN M. WALKER, JR.,
DENNY CHIN,
Circuit Judges.[*]

- - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
Appellee,

-v-                                       13-769-cr

WILLIAM A. TRUDEAU, JR.,
Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE: RAHUL KALE (Robert M. Spector, on the brief), Assistant United States Attorneys, for Deirdre M. Daly, United States Attorney for the District of Connecticut.

FOR DEFENDANT-APPELLANT: ROSS H. GARBER (Paul Stuart Bailin, Michael Chase, Shipman & Goodwin LLP, Hartford Connecticut and James K. Filan, Filan LLC, Westport Connecticut, on the brief), Shipman & Goodwin LLP, Hartford Connecticut.

---

[*] Because Judge Christopher F. Droney, originally assigned to the panel, recused himself from this case, the remaining two judges issue this order in accordance with Second Circuit Internal Operating Procedure E(b).

Appeal from the United States District Court for the District of Connecticut (Hall, J.).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the case is **REMANDED**.

Defendant-appellant William A. Trudeau appeals from a judgment of the district court (Hall, J.) entered on February 15, 2013, following a jury trial. The jury convicted Trudeau of one count of conspiracy to commit bank fraud, mail fraud, and wire fraud, in violation of 18 U.S.C. § 1349 ("Count One"), and one count of wire fraud ("Count Nine"), in violation of 18 U.S.C. § 1343, and acquitted him of two counts of bank fraud, three counts of mail fraud, and two counts of wire fraud (the "acquitted counts"). The district court sentenced him principally to 188 months' imprisonment. On appeal, Trudeau challenges his sentence as procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**A.  Applicable Law**

We review a sentence imposed by a district court for procedural and substantive reasonableness. United States v. Cavera, 550 F.3d 180, 189-90 (2d Cir. 2008) (en banc). "We 'must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to

adequately explain the chosen sentence.'" United States v. Tutty, 612 F.3d 128, 130-31 (2d Cir. 2010) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).

We have held that "the Guidelines direction to apply the statutory maximum[ ] . . . serves as the district court's 'starting point' in selecting a sentence." United States v. Dorvee, 616 F.3d 174, 182 (2d Cir. 2010)(quoting Kimbrough v. United States, 552 U.S. 85, 108 (2007)). Accordingly, "[i]f the district court miscalculates the typical sentence at the outset . . . we . . . cannot be sure that the court has adequately considered" the proper sentencing factors. Id. We review procedural sentencing challenges for plain error if they were not raised in the district court. United States v. Villafuerte, 502 F.3d 204, 208 (2d Cir. 2007).

A sentence imposed by the district court is substantively unreasonable only if it "cannot be located within the range of permissible decisions." Cavera, 550 F.3d at 189 (internal quotation marks omitted). Because we will not substitute our judgment for that of the district court, United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006), we will set aside sentencing decisions only in "exceptional cases," Cavera, 550 F.3d at 189.

Section 1B1.2(d) of the United States Sentencing Guidelines (the "Guidelines") provides that "[a] conviction on a count charging a conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired

-3-

to commit." U.S.S.G. § 1B1.2(d). Application Note 4 of Section 1B1.2(d) instructs that "[p]articular care must be taken in applying subsection (d) because there are cases in which the verdict or plea does not establish which offense(s) was the object of the conspiracy." U.S.S.G. § 1B1.2(d) cmt. n. 4 ("Note 4"). In such instances, the district court should apply subsection (d) to an object offense only if the district court, "were it sitting as a trier of fact, would convict the defendant of conspiring to commit that object offense." Id. In that event, the burden of proof is beyond a reasonable doubt. See United States v. Malpeso, 115 F.3d 155, 167-68 (2d Cir. 1997) (considering application of Note 4, formerly U.S.S.G. § 1B1.2(d) cmt. n. 5).

If, however, "the object offenses specified in the conspiracy count would be grouped together under § 3D1.2(d) . . . it is not necessary to engage in the foregoing analysis." U.S.S.G. § 1B1.2(d) cmt. n. 4. Accordingly, as with any sentencing factor, the district court has the "authority to determine [this] sentencing factor[ ] by a preponderance of the evidence[,] . . . [which] does not violate the Due Process Clause of the Fifth Amendment." United States v. Vaughn, 430 F.3d 518, 525 (2d Cir. 2005). In concluding that Note 4 is constitutional, we have explained that "[b]ecause [a] conspiracy conviction is satisfied if any one of the objects is proved beyond a reasonable doubt, the multiplicity of objects can only be, and certainly is, relevant to sentencing." Malpeso, 115 F.3d at 168.

-4-

The Supreme Court has recently held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Alleyne v. United States, 133 S.Ct. 2151, 2155 (2013). Accordingly, "any fact that increase[s] the prescribed statutory maximum sentence must be an 'element' of the offense to be found by the jury." Id. at 2157 (citing Apprendi v. New Jersey, 530 U.S. 466, 483 (2000)).

The statutory maximum sentence for committing or conspiring to commit wire fraud is 20 years. See 18 U.S.C. §§ 1343, 1349. If the wire fraud "affects a financial institution," however, the statutory maximum for committing or conspiring to commit wire fraud is 30 years. See id. The statutory maximum sentence for conspiring to commit bank fraud is 30 years. See 18 U.S.C. § 1341.

**B.  Application**

First, Trudeau claims that the district court erred in its application of the Guidelines "by rejecting the jury's determination of the object of the multi-object conspiracy charged in Count One." Appellant's Br. at 19. This argument fails because the district court did not reject the jury's determination, but rather properly applied Note 4. As an initial matter, Trudeau's contention that the acquitted counts demonstrate that the jury did not find the objects of the conspiracy associated with those counts fails because the jury could convict for conspiracy even if the substantive crimes were not proven. Likewise, the verdict did not establish which

-5-

offense or offenses -- bank fraud, mail fraud, and/or wire fraud -- were the objects of the conspiracy.  See U.S.S.G. § 1B1.2(d) cmt. n. 4.  Indeed, the jury was instructed that to convict Trudeau under Count One it "need not find that the conspirators agreed to accomplish all three objectives."  Accordingly, as the district court concluded, Note 4 was relevant to the sentencing determination.

Moreover, the district court correctly applied Note 4.  Because "the object offenses specified in the conspiracy count would be grouped together under § 3D1.2(d)," the district court did not need to find the objects of the conspiracy beyond a reasonable doubt.  See U.S.S.G. § 1B1.2(d) cmt. n. 4.  Instead, the district court only needed to find the objects by a preponderance of the evidence, which it did.  Hence, we find no error in the district court's application of Note 4.

Second, Trudeau contends that even if the district court correctly applied Note 4, its application violated his constitutional rights.  We disagree.  We reject Trudeau's argument that the application of Note 4 violated his Fifth Amendment right to due process because the district court was not required to find the object offenses grouped pursuant to § 3D1.2(d) beyond a reasonable doubt.  Indeed, we have explicitly held that the district court has the "authority to determine sentencing factors by a preponderance of the evidence" and that this authority "does not violate the Due Process Clause of the Fifth Amendment."  Vaughn, 430 F.3d at 525.

Trudeau's Sixth Amendment challenge also fails. As we have made clear, "[b]ecause [a] conspiracy conviction is satisfied if any one of the objects is proved beyond a reasonable doubt, the multiplicity of objects can only be, and certainly is, relevant to sentencing." Malpeso, 115 F.3d at 168. Accordingly, the district court correctly recognized its ability to consider the conduct alleged in Count One to determine Trudeau's sentence, despite the fact that the acquitted counts were based on the same conduct.

Trudeau contends that the Supreme Court's recent decision in Alleyne v. United States demands a different result. The central inquiry pursuant to Alleyne, however, is whether the district court found "[a]ny fact that, by law, increase[d] the penalty for a crime." 133 S.Ct. at 2155. Here, the district court did not make any such finding, with one caveat we address below. Specifically, the district court's consideration of the conduct alleged in Count One to determine, among other things, the amount of loss and the number of victims that resulted from the conspiracy did not increase the penalty for Trudeau's offenses by law. See id. at 2155. Instead, the district court considered the conduct as relevant to exercising its discretion within the legally prescribed statutory range. See id. at 2163 (explaining that the decision in Alleyne is "wholly consistent with the broad discretion of judges to select a sentence within the range authorized by law."). Accordingly, Trudeau's constitutional challenges fail.

-7-

We do find, however, that the district court committed procedural error by failing to acknowledge the correct statutory maximum sentence for Counts One and Nine. Specifically, the district court determined that the applicable Guidelines range was 210 to 262 months' imprisonment, even though the statutory maximum sentence for conspiring to commit or committing wire fraud that does not affect a financial institution is 20 years. See 18 U.S.C. §§ 1343, 1349. Moreover, the PSR stated, without explanation, that the statutory maximum sentence pursuant to 18 U.S.C. §§ 1343 and 1349 was 30 years.

We note that the jury would have needed to find at least one additional fact beyond a reasonable doubt for the 30-year statutory maximum to apply to Count One and/or Count Nine. See Alleyne, 133 S.Ct. at 2155. Specifically, the jury needed to find beyond a reasonable doubt that either the conspiracy to commit wire fraud or the substantive wire fraud count "affect[ed] a financial institution," or that bank fraud was an object of the conspiracy. See 18 U.S.C. §§ 1341, 1343, 1349. It is not clear from the jury's verdict, however, that either determination was made. Indeed, at oral argument, the Government acknowledged that the jury should have made a finding as to whether Trudeau's conspiracy to commit wire fraud "[a]ffected a financial institution." Accordingly, the Government conceded, and we agree, that the applicable statutory maximum sentence for each offense was 20 years.

Even though Trudeau did not object to the statutory maximum sentence below, we conclude that the error was plain. It

implicated Trudeau's "substantial rights, as it seriously affect[ed] the fairness, integrity, or public reputation of the judicial proceedings." Tutty, 612 F.3d at 131 (internal quotation marks omitted and alteration in original). Moreover, even though the district court imposed a sentence under the 20-year statutory maximum, because of its "miscalculat[ion] . . . at the outset," we "cannot be sure that the court . . . adequately considered" the proper sentencing factors. Dorvee, 616 F.3d at 182. Accordingly, we remand the case so that the court may reconsider Trudeau's sentence in light of a 20-year statutory maximum sentence for each offense.

Finally, Trudeau claims that his sentence was substantively unreasonable. Even where we find procedural error, "we may review for both procedural error and substantive unreasonableness in the course of the same appeal." Tutty, 612 F.3d at 131. We do so here -- especially as we recognize the district court's discretion on remand to impose the same 188-month sentence as it is below the 20-year statutory maximum sentence -- and find that the district court did not commit substantive error. We reject Trudeau's argument that "the sentence imposed as a result of the district court's fact-finding was unconstitutionally disproportionate and unreasonable based on the jury verdict" for the reasons that we discuss above. Appellant's Br. at 37.

Further, the district court carefully considered the factors provided in 18 U.S.C. § 3553(a). In particular, it noted that "with respect to the individual victims of [Trudeau's] fraud

-9-

scheme, [he] cause[d] serious harm to them, to their well being, [and] to their economic security." App. at 274. Moreover, the district court emphasized that Trudeau's pattern of "looking for the next victim to keep [his] house of cards up from the victims that [he] h[ad] already sucked dry," warranted a sentence to "protect[ ] the public from further crimes." Id. In light of these factors, we find that the 188-month sentence imposed by the district court was well "within the range of permissible decisions." Cavera, 550 F.3d at 191.

In sum, except in one respect, we conclude that the district court properly applied Note 4 and we find the sentence was substantively reasonable. Nevertheless, the case is **REMANDED** solely for the district court to consider whether it would have sentenced Trudeau differently if it had understood the statutory maximum sentence was 20 years for each count. If so, it may resentence Trudeau anew. If not, the judgment shall stand. This panel will retain jurisdiction over any subsequent appeal pursuant to United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994). Accordingly, either party may notify the Clerk of a renewed appeal within fourteen days of the district court's decision. See id. Trudeau's motion for an order granting his release pending appeal is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

